
FILED
2013 Feb-26  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **GARRY LEE CHEATWOOD, in** | ) | |
| **his legal capacity as Administrator** | ) | |
| **Ad Litem on behalf of the Estate,** | ) | |
| **of Joann Cheatwood, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. MC-13-S-288-NE** |
| | ) | |
| **BOEHRINGER INGELHEIM** | ) | |
| **PHARMACEUTICALS, INC. and** | ) | |
| **BOEHRINGER INGELHEIM** | ) | |
| **INTERNATIONAL GMBH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the court on the motion of Gary Lee Cheatwood ("Garry"),

one of the heirs and next of kin of Joann H. Cheatwood ("Joann"), deceased, to be

appointed as Administrator *Ad Litem* of Joann's estate for the purpose of filing a

wrongful death action in this district.[1] Garry states that his brother, Billy Cheatwood

("Billy"), was appointed as Administrator and Special Administrator of Joann's estate

by the Probate Court of Cullman County, Alabama, but that he (Garry) has appealed

those appointments to the Circuit Court of Cullman County, Alabama.[2] Garry asserts

---

[1] Doc. no. 1.

[2] *Id.* ¶¶ 3-4.

that, while his appeal of the appointment of Billy by the Probate Court of Cullman County, Alabama, is pending, there is no legal personal representative of Joann's estate, and no one to file suit on Joann's behalf.  Accordingly, he requests to be appointed as Administrator *Ad Litem* for the purpose of filing a wrongful death suit — which must be filed March 1, 2013 in order to be considered as a "bellweather" case by the Multi-District Litigation Panel — in this district on Joann's behalf.[3]  *See* Ala. Code § 43-2-250 ("When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein.").

Upon reviewing the pleadings filed in this District, this court questioned its jurisdiction to make the appointment requested by Garry, in light of the appeal pending in state court.  Accordingly, on February 12, 2013, this court entered an order requiring Garry to file, on or before February 19, 2013, an explanation of why he

---

[3] *Id.* ¶¶ 5-8.  It also should be noted that Garry Cheatwood and Billy Cheatwood disagree about which attorneys should be employed to represent their mother's estate in the wrongful death action.  *Id.* ¶ 10.

2

believes that the United States District Court for the Northern District of Alabama has jurisdiction to consider his motion, and to state the statutory basis for his opinion.[4] The court also required that a copy of Garry's motion be served on Billy, and required Billy to file any response to the motion by February 19, 2013.[5]  Billy filed a brief on February 19, 2013, contesting this court's jurisdiction.[6]  Garry also filed a brief in response to the February 12th order.[7]

        Upon reviewing all of the submissions, this court finds that Garry has not satisfied his burden of establishing the presence of federal subject-matter jurisdiction. *See*, *e.g.*, *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002) (holding that the party asserting federal subject-matter jurisdiction — in that case, a removing defendant — has the burden of establishing that such jurisdiction exists). Garry first asserts that other "[f]ederal courts sitting in Alabama have appointed administrators ad litem [sic] to represent the interest of estates of deceased persons prior to appointments by state courts."[8]  However, neither of the cases he cites is analogous to the situation presented here, where a different individual already has been appointed as Administrator of the estate by the Probate Court of Cullman

---

[4] Doc. no. 3.

[5] *Id.* at 3.

[6] Doc. no. 5.

[7] Doc. no. 4.

[8] *Id.* at 4 (alterations supplied).

County, Alabama, and the request for appointment filed in this court essentially is an appeal of the Probate Court's decision. *See American General Life Insurance Co. v. Blankenship,* 329 F. Supp. 324, 326-27 (M.D. Ala. 1971) (noting that an administrator *ad litem* had been appointed by the federal district court *before* the Probate Court had issued Letters of Administration to a different individual); *Pearson v. Colonial Financial Service, Inc.,* 526 F. Supp. 470, 472-73 (M.D. Ala. 1981) (appointing an administrator *ad litem* for an estate that had not yet been administered because a "proper decision could not be rendered" without the estate being represented in the federal proceedings).

Garry also asserts that this court has ancillary jurisdiction over his motion as a "proceeding" that is related to, but technically separate from, the underlying complaint he proposes to file in this court, which asserts federal subject matter jurisdiction based on satisfaction of the diversity statute, 28 U.S.C. § 1332.[9] The United States Supreme Court has described the doctrine of ancillary jurisdiction as recognizing "federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to *other matters properly before them*." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 378 (U.S. 1994) (emphasis supplied). Here, there is no "other matter" already before this court. The "other

---

[9] *See* doc. no. 2, at Exhibit A (proposed Complaint). *See also* doc. no. 4, at 7-9.

matter" is the complaint Garry seeks to file in the future, *if* he is appointed as Administrator *ad litem*. Garry has offered no authority to support this court's exercise of jurisdiction over a supposedly "ancillary" matter that has not actually yet come into existence. In fact, Garry recognizes in his brief that no such authority exists.[10]

Next, Garry asserts that "it is not uncommon for a federal district court to have to appoint representatives of plaintiffs at the outset of a case, particularly representatives of minors."[11] As a general proposition, that is another true statement, but it has no significance to Garry's motion, because the two cases he cites — one concerning appointment of a "next friend" for a minor plaintiff, *Sam M. ex rel. Elliott v. Carcieri,* 60 F.3d 77 (1st Cir. 2010), and another concerning the appointment of a guardian *ad litem*, *Gibbs ex rel. Gibbs v. Carnival Cruise Lines,* 314 F.3d 125 (3d. Cir. 2002) — have no bearing on the appointment of an administrator *ad litem*, and do not involve the statute governing such appointments within the State of Alabama. *See* Ala. Code § 43-2-250 (1975). Federal Rule of Civil Procedure 17 — which discusses the manner of determining a party's capacity to sue or be sued — also does not provide this court with any authority to make the appointment Garry requests.

---

[10] *See* doc. no. 4, at 7 ("[T]he undersigned has found no case applying common law ancillary jurisdiction to a simultaneous filing of a complaint and a motion for appointment of administrator ad litem to serve as a plaintiff . . . .") (alterations supplied).

[11] *Id.* at 9.

5

Finally, Garry appears to suggest that this court has jurisdiction to decide his motion because there is a practical need for the motion to be granted:

> Garry Cheatwood's Motion for Appointment should be granted so that the interests of all of the beneficiaries of a recovery for the wrongful death of Joann Cheatwood can be timely pursued and thus protected. Granting Garry Cheatwood's Motion for Appointment will allow the present case to be immediately transferred to the pending MDL in the Southern District of Illinois and considered to be a bellwether case against defendants.

> Through his Alabama counsel, Garry is attempting to perfect his status as the real party in interest pursuant to Rule 17 and Alabama law to preserve the wrongful death claim by saving it from being time barred.[12]

Garry's desire to preserve his rights by pursuing this litigation cannot serve as the basis for the exercise of federal subject matter jurisdiction.[13]

In summary, Garry has failed to meet his burden of establishing the existence of federal subject matter jurisdiction. Accordingly, it is ORDERED that this matter be, and it hereby is, DISMISSED for lack of jurisdiction.

The Clerk is directed to send a copy of this order to Billy's attorneys at the following addresses: (1) Todd McLeroy, McLeroy Law Firm, LLC, 1626 First

---

[12] *Id.* at 10.

[13] Additionally, the court notes that Billy already has filed a wrongful death action on behalf of Joann's estate in the United States District Court for the Southern District of Illinois, which is the court managing the multi-district litigation involving all claims relating to the drug that allegedly caused Joann's death. *See* doc. no. 5, at Exhibit 4 (Complaint in *In re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation,* MDL No. 2385).

Avenue Southwest, Cullman, Alabama 35055; and (2) Chris T. Hellums and Booth Samuels, Pitmann, Dutton & Hellums, P.C., 2001 Park Place Tower North, Suite 1100, Birmingham, Alabama 35203.

   **DONE** and **ORDERED** this 26th day of February, 2013.

_____
United States District Judge